274]                    *LEFFINGWELL v. FLINT.

*Justice of Peace—Cost on Appeal.*

An appellant from the judgment of a justice is not bound to pay the costs before he can demand transcript.

A justice is liable to action for refusing transcript.

THIS case was tried before Judges Pease and Burnet, in Trumbull, at the August term, 1824.

The facts of the case were these: The defendant being a justice of the peace in the township of Warren, on an application for that purpose, issued a summons against the plaintiff, on which a judgment was afterward rendered for $28.81, and cost of suit. The defendant, Leffingwell, gave notice of an appeal to the court of common pleas, and before the expiration of the ten days allowed for that purpose, executed a recognizance, with security, approved of by the justice, and then demanded a transcript of the proceedings, which was refused, unless he would pay the cost of the suit, amounting to about $7. The appellant refused to pay that sum, but offered to pay the fee for the transcript, and tendered thirty-one cents. The transcript was withheld. The appellant lost the benefit of his appeal, and an execution issued against him on the judgment, by which a part of his property was taken and sold. It also appeared from the record, that the writ, in this suit, issued before the commencement of the term to which the transcript ought to have been returned. The defendant pleaded not guilty, with a notice that he was always ready to give the plaintiff the

Dawson *v.* Holcomb.

transcript required, on his paying the cost of the suit, which he refused to do.

The cause was tried in the common pleas, and removed to this court by appeal.

A number of witnesses were called, who proved the facts substantially as charged in the declaration.

The principal points contested were, whether the justice had a right to withhold the transcript, in consequence of a refusal to pay the cost, and whether the suit was not commenced before the cause of action arose.

The opinion of the COURT was against the defendant on both points:

The statute is not only silent as to the payment of cost, but requires the appellant to give security for the debt and cost, and cost that may accrue in the court of common pleas; it is, therefore, impossible to suppose that *the costs are to be paid before [275 the appeal. It would be an outrage on common sense to give the law such a construction, as would require the appellant to pay the cost, and, at the same time, to give security to pay them.

The second point is equally clear. The justice is not to deliver the transcript to the clerk of the court of common pleas. It is his duty to hand it to the appellant, on demand, and it is the duty of the appellant to deliver it to the clerk, on or before the first day of the term next following the appeal. The cause of action, therefore, arose at the time the security was given and the transcript demanded.

Verdict for plaintiff.